UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CR-15-TLS |
| | ) | |
| BYRON CURRY | ) | |

**OPINION AND ORDER**

The Defendant, Byron Curry, is awaiting sentence on his conviction for bank robbery and aiding and abetting, violations of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant has objected to the Probation Officer's conclusion that at least two of the Defendant's prior convictions qualify as crimes of violence under United States Sentencing Guideline § 4B1.2(a), thus making him a career offender as defined in § 4B1.1(a). The difference between the advisory Guideline range with the career offender enhancement and without it is ten levels. The range of imprisonment, as currently calculated in the PSR is 151 to 188 months of imprisonment. If the career offender enhancement does not apply, it would reduce the range to 63 to 78 months of imprisonment.

**ANALYSIS**

The PSR's recommendation for career offender status is based on three Indiana convictions: a 1995 robbery conviction, a 2011 domestic battery conviction, and a 2012 domestic battery conviction. For both domestic battery convictions, the Defendant's offense was elevated from a Class A Misdemeanor to a Class D Felony under Indiana law because it was committed in

the presence of a child younger than sixteen years old. *See* Ind. Code § 35-42-2-1.3 (2012). The Defendant contends that his convictions for domestic battery do not qualify as crimes of violence.

When he was convicted in 2011 and 2012, the Indiana statute criminalized the following conduct:

> (a) A person who knowingly or intentionally touches an individual who:
>
> (1) is or was a spouse of the other person
> (2) is or was living as if a spouse of the other person as provided in subsection (c); or
> (3) has a child in common with the other person;
>
> in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.
>
> (b) However, the offense under subsection (a) is a Class D felony if the person who committed the offense:
>
> \*\*\*
>
> (2) committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.

Ind. Code § 35-42-2-1.3 (2012).[1]

The definition of a crime of violence for purposes of § 4B1.1 is found in § 4B1.2(a). Under that provision, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening use of physical force

---

[1] When the statute was amended in 2016, the requirement that the touching result in bodily injury was removed for the Class A misdemeanor category. The amendments created a more nuanced approach to the levels of bodily injury required for various levels of domestic battery offenses. The Court considers only the version under which the Defendant was convicted.

against the person of another." U.S.S.G. § 4B1.2(a)(1). The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted).

The Defendant cites two bases in support of his argument that his domestic battery convictions do not qualify as crimes of violence. First, he notes that the underlying conduct would have only been a misdemeanor if not for being committed in the presence of a child under the age of sixteen. Thus, it was not a crime punishable by imprisonment for a term exceeding one year. Additionally, the presence of a child does not make the offense any more violent or require the use of any more force, and that "this was simply a touching in a rude, insolent, or angry manner." (Br. in Supp. 3, ECF No. 100.)

The Court rejects the Defendant's first argument. No matter how Indiana classifies domestic battery when it is committed outside the presence of a child, the Defendant was convicted of a felony. His offense was punishable by a term of imprisonment for at least one year.

The second argument requires closer analysis. To commit a felony (or misdemeanor) under § 35-42-2-1.3 requires a knowing and intentional touching of another person in a rude, insolent, or angry manner, and that this touching result in bodily injury. The Government focuses on the bodily injury requirement of the statute, while the Defendant focuses only on the manner

3

of touch. Neither party presents the level of analysis of Indiana state law that is required to determine whether the enhancement applies.

The Court agrees that rude, insolent, or angry touching does not necessarily entail physical force. The Supreme Court has said that "physical force" in the elements clause of the Armed Career Criminal Act (ACCA) "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 599 U.S. 133, 140 (2010) (defining a similar term in 18 U.S.C. § 924(e)(2)(B)(i) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003))). The issue in *Johnson* was whether a Florida conviction for battery, which as a matter of state law could be based on "any intentional physical contact, 'no matter how slight,'" qualified as a violent felony. *Id.* at 138. The Court declined to read the common law meaning of "force," derived from common law misdemeanor battery, into the elements clause of the ACCA. *Id.* at 140 (noting that the Court was "interpreting the phrase 'physical force' as used in defining not the crime of battery, but rather the statutory category of 'violent felonies'") (brackets omitted). As noted by the Court, the word "violent" by itself "connotes a substantial degree of force." *Id.* "When the adjective 'violent' is attached to the noun 'felony,' its connotation of strong physical force is even clearer." *Id.* Having concluded that, for purposes of the elements clause in § 924(e)(2)(B)(i), physical force means force capable of causing physical pain or injury to another person, the defendant's battery conviction under a statute where even slight contact could support a conviction did not qualify as a predicate violent felony. *Id.* at 145.

However, the Indiana domestic battery statute, as it existed when the Defendant was convicted, required not merely a rude, insolent, or angry touch, but also required that it "result[] in bodily injury." Ind. Code § 35-42-2.-1.3 (2012). The question then, is whether the additional

4

requirement that the touching result in bodily injury means that the offense must be committed with at least the amount of force that is capable of causing pain or injury. The answer appears straightforward: Indiana statutorily defined "bodily injury" as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29 (2012). The Seventh Circuit has concluded that similar definitions of bodily injury in other states' statutes meet the definition of a crime of violence. *See, e.g.*, *United States v. Jennings*, 860 F.3d 450, 457–58 (7th Cir. 2017) (holding that Minnesota felony domestic assault constitutes a crime of violence where the statute defined bodily harm to include "physical pain or injury, illness, or any impairment of physical condition," as it envisioned action by the defendant that either inflicts physical pain or injury on the victim or places the victim in fear of immediate pain or injury); *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016) (concluding that Wisconsin criminal statute proscribing the intentional infliction of bodily harm—defined to mean physical pain or injury, illness, or any impairment of physical condition—upon a victim "tracks what *Curtis Johnson* said would suffice: 'force capable of causing physical pain or injury to another person'") (citing *Johnson*, 559 U.S. at 140).

Additionally, as the Government notes, the Seventh Circuit has said that "force that *actually* causes injury necessarily was capable of causing that injury and thus satisfies the federal definition." (Govt's Resp. 5, ECF No. 121 (citing *Douglas v. United States*, 858 F.3d 1069, 1071 (7th Cir. 2017).) In *Douglas*, the court concluded that the intentional touching element of Indiana's Class C felony battery made "intent to use force an element of the offense," which was sufficient to satisfy the "use" of force requirement. 858 F.3d at 1072 (noting that there was no requirement for "a *separate* intent element attached to the degree of injury").

5

*Douglas* is not as helpful, or on point, as it first appears, at least as applied to Indiana's domestic battery statute as it was written in 2012. In *Douglas*, the defendant's prior conviction was "the Class C felony version [of Indiana battery], which has 'serious bodily injury' as an element." *Douglas*, 858 F.3d at 1071. The court noted that the force necessary to satisfy the elements clause would not have been satisfied had Douglas been convicted of the "simple battery defined by the introductory clause of Indiana's law." *Id.* This is not a surprising statement, as the introductory clause required only that a person "knowingly or intentionally touch[] another person in a rude, insolent, or angry manner" to commit battery as a Class B misdemeanor. *Id.* at 1071 (quoting Ind. Code § 35-42-2-1(a) (2005)). The court said nothing about the ground between the Class B misdemeanor, which did not require any injury, and the Class C felony, which required *serious* bodily injury. That is, *Douglas* expressed no view on the statute's Class A misdemeanor, which required that the rude, insolent, or angry touching "result[] in bodily injury to any other person." *Id.* (quoting Ind. Code § 35-42-2-1(a) (2005)).

Additionally, this Court cannot ignore *Flores v. Ashcroft*. In *Flores*, the Seventh Circuit reviewed Indiana law pertaining to this same bodily injury language and concluded that: (1) Indiana's battery statute encompasses "any contact, however slight," both direct and indirect, *Flores*, 350 F.3d at 669 (citations omitted); and (2) the threshold for bodily injury in Indiana is low: "a bruise suffices, as does any physical pain even without trauma," *id.* at 670 (citations omitted). Thus, a conviction for misdemeanor battery with bodily injury could encompass conduct such as lofting a paper airplane if that airplane "inflicts a paper cut," or throwing a snowball if it "causes a yelp of pain." *Id.* (concluding that it was "hard to describe any of this as 'violence'").

6

Although the *Flores* decision predates the Supreme Court's *Johnson* decision regarding the definition of physical force, the court in *Flores* thought it important to "treat the word 'force' as having a meaning in the legal community that differs from its meaning in the physics community" by "insist[ing] that the force be violent in nature—the sort that is intended to cause bodily injury, or at a minimum likely to do so." *Id.* at 672. This is essentially the same definition given by the Supreme Court, which cited approvingly to *Flores*. *See Johnson*, 559 U.S. at 140.[2] The *Flores* court, relying on this understanding of the level of force required, concluded that the elements of the Indiana battery-with-bodily-injury offense did not require this kind of touching. 350 F.3d at 672. Rather, it required only intentional "physical contact with" the victim, not "physical force against" her. *Id.*

In determining whether a conviction under state law is a crime of violence, this Court is bound by the Indiana Supreme Court's interpretation of the state law. *Johnson*, 559 U.S. at 138. The Indiana Supreme Court has said that "bodily injury" does not require that physical pain "rise to a particular level of severity before it constitutes an impairment of physical condition." *Bailey v. Indiana*, 979 N.E.2d 133, 141 (Ind. 2012). Instead, the court thought that its prior cases "establishe[d] a structure that mirrors statutes from other states and the Model Penal Code by creating a very low threshold for 'bodily injury' while maintaining a much more rigorous standard for 'serious bodily injury.'" *Id.* at 136–37. The court adopted a bright line approach where a "defendant commits a battery at his peril [because] any degree of physical pain may

---

[2] One might quibble over whether force that is, "at a minimum likely to" cause bodily injury, *Flores*, 350 F.3d at 672, is the same as force that is "capable of" causing physical pain or injury, *Johnson*, 559 U.S. at 140. But, when *Johnson* defined the meaning of physical force in this way, it specifically cited to the *Flores* decision at page 672. Thus, it would appear that the Supreme Court thought the standards were synonymous.

7

constitute a bodily injury." *Id.* at 142. The court defended this bright line approach on several grounds. First, it aligned with the principal that a defendant takes his victim as he finds him and avoids the risk of "unfairly discount[ing] the suffering of certain victims who may have a lower pain tolerance than others." *Id*. (stating that victims with "greater sensitivity to pain" are "no less victims than someone who may be more tolerant"). Second, a standard that required physical pain to rise to a particular level of severity could excuse batterers who inflicted pain up to a certain degree from the punishment the court believed Indiana law makers intended to cover. *Id.* Third, the court did not think the bright-line approach read "impairment of physical condition" out of the statutory definition:

> Instead, if one reasonably considers an "ideal" physical condition as that of an uninjured, healthy, pain-free, and unencumbered person, then physical pain would necessarily impair that physical condition—maybe in only a small way, but the statute expressly says "*any* impairment of physical condition." Ind. Code § 35–41–1–4 (emphasis added). It does not require that the impairment be significant or severe.

*Id.*

When the Indiana appellate court decided *Toney v. State*, 961 N.E. 2d 57, 59 (Ind. Ct. App. 2012), it did not yet have the guidance of the Indiana Supreme Court's decision in *Bailey*, yet reached the same result. In *Toney*, the court considered the same definition of bodily injury—"any impairment of physical condition, including physical pain"—in the context of a burglary statute. The court stated that bodily injury did not require "that the physical pain be of any particular magnitude or of any particular duration." In doing so, *Toney* relied on a 1982 Indiana Supreme Court decision, which stated that "to establish bodily injury, it is 'sufficient that the victim experienced physical pain by Defendant's action.'" 961 N.E.2d at 59 (quoting *Lewis v.*

8

*State*, 438 N.E.2d 289, 294 (Ind. 1982)). The *Toney* court also cited approvingly to the *Flores* court's analysis of the Indiana statute, including the airplane and snowball scenarios. 961 N.E.2d at 60 (quoting *Flores*, 350 F.3d at 670).

The *Flores* court's interpretation of Indiana law appears to be on point. So does its description of the level of force that is necessary to be considered a crime of violence. Stare decisis would require this Court to adhere to *Flores*, unless *Johnson* (or any other Supreme Court case) qualifies as an intervening on-point Supreme Court decision. *See De Leon Castellanos v. Holder*, 652 F.3d 762, 765 (7th Cir. 2011) (explaining the importance of deference to precedent). In *De Leon Castellanos*, the defendant urged the court to find that domestic battery under Illinois law was not a crime of violence. 652 F.3d at 764. Two previous Seventh Circuit decision had already held that it was. *Id.* The court considered whether the Supreme Court's decision in *Johnson*—that a form of battery defined as intentionally touching another against his will is not a crime of violence under the ACCA—dictated that the court overrule its previous holding concerning Illinois domestic battery. In concluding that *Johnson* did not undermine its previous holdings, the court stated:

> In *Johnson* the Supreme Court interpreted a Florida statute that defined battery as "actually and intentionally" touching another against his will. *See* Fla. Stat. § 784.03(1)(a). The Court held that this form of battery was not categorically a crime of violence because it does not have as an element the use of physical force. *Johnson*, 130 S. Ct. at 1270. *Johnson* echoed our position in *Flores v. Ashcroft*, 350 F.3d 666, 669–70 (7th Cir. 2003), which held that battery under Indiana law for "touch[ing] . . . in a rude, insolent, or angry manner," Ind. Code § 35–42–2–1, was not a crime of violence under 18 U.S.C. § 16(a) because a person could be convicted based on slight offensive physical contact, such as tossing a paper airplane that inflicts a paper cut or a snowball that causes minor pain. This, we said, "is hard to describe . . . as 'violence.'" *Flores*, 350 F.3d at 670.

*Id.* at 765. The court then distinguished the Illinois statute from those that had been under

consideration in *Flores* and *Johnson*. *Id.* at 766.

In *United States v. Castleman*, 134 S. Ct. 1405 (2014), the Supreme Court considered whether the common law meaning of force, or the definition announced in *Johnson* for the elements clause, should apply to 18 U.S.C. § 922(g)(9), which makes it illegal for a person who has been convicted of a "misdemeanor crime of domestic violence" to possess a firearm. At issue was the meaning of the phrase "the use . . . of physical force" as a necessary element of a misdemeanor crime of domestic violence. *Castleman*, 134 S. Ct. at 1409 (quoting 18 U.S.C. § 921(a)(33)(A)). The Court determined that, unlike for the ACCA, the common-law meaning of force was applicable to the definition of a misdemeanor crime of domestic violence. *Id.* at 1410. One of the reasons was that acts that could be described as domestic violence and convicted as such, were not necessarily ones that could be considered violent, but it would "not offend common sense or the English language to characterize the resulting conviction as a 'misdemeanor crime of domestic violence.'" *Id.* at 1412. To provide an example of a case where a "[m]inor use[] of force many not constitute 'violence' in the generic sense," the Court cited *Flores*, as a case the Court "cited with approval in *Johnson*," in which "the Seventh Circuit notes that it was hard to describe as violence a squeeze of the arm that causes a bruise." *Id.* (ellipsis, bracket, and quotation marks omitted). Thus, the Supreme Court has twice cited to *Flores* without any indication that it is no longer good law.

The language of the battery statute at issue in *Flores* mirrors the language of the domestic battery statute at issue here. The only element that is different is the presence of a minor. The Defendant is correct that the presence of a child under sixteen does not alter the nature of the touch required for a conviction under the statute. Accordingly, this Court concludes that it is

10

constrained to reach the conclusion that, because a conviction under the Indiana domestic battery statute does not necessarily require proving violent physical force, but is satisfied by slight offensive physical contact that causes minimal pain, it is not a crime of violence under U.S.S.G. § 4B1.1.[3] Accordingly, the Defendant's objection is sustained and the PSR will be revised consistent with this Opinion.

Based on the Court's rulings, the Defendant's offense level is 19. This, combined with his criminal history category of VI, yields a Guideline range of 63 to 78 months of imprisonment. A district court may not presume that the guideline sentence is the correct one. *Rita v. United States*, 551 U.S. 338, 351 (2007). Although the Guideline calculation will serve as a framework for sentencing, the Guidelines do not constrain this Court's discretion in determining the appropriate sentence. *See Beckles v. United States*, 137 S. Ct. 886, 894 (2017); *Booker v. United States*, 543 U.S. 220 (2005). The Court reserves a determination of the appropriate term of imprisonment until after the Defendant has had an opportunity to address the Court. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii).

---

[3] The Court has no trouble distinguishing the separate statutory offense of strangulation as a crime of violence, as it "explicitly contemplates a degree of violent force" because it requires "proof of applying pressure to the throat or neck, or obstructing the nose or mouth, '*in a manner that impedes the normal breathing or the blood circulation.*'" *United States v. Mancillas*, 880 F.3d 297, 304 (7th Cir. 2018) (quoting Ind. Code § 35-42-2-9 (2006)).

**CONCLUSION**

For the reasons stated above, the Defendant's objection is SUSTAINED and the PSR will be revised accordingly. The probation officer is directed to file a revised presentence investigation report by May 3, 2018. A separate order will set the sentencing hearing and telephonic sentencing status dates.

SO ORDERED on April 18, 2018.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT