UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-15-HAB |
| ) | |
| BYRON CURRY ) | |

**OPINION AND ORDER**

Before the Court is Defendant's sealed motion (ECF No. 205) requesting compassionate release. Defendant initially sent a letter to the Court on July 17, 2020, requesting counsel to represent him in the filing of a "Cares act motion." (ECF No. 193). The letter was referred to the Federal Community Defender for possible representation. On August 3, 2020, the FCD entered her appearance. The FCD filed the sealed motion on September 2, 2020. The Government filed its Response (ECF No. 214) on September 25, 2020.  This matter is now ripe for review.

**A.      Factual Background**

Defendant, along with three other individuals, robbed a bank in December 2016. Defendant was quickly apprehended after fleeing the bank. He was indicted with committing, aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a). He pled guilty and was sentenced to a term of 71 months' imprisonment. Defendant is currently housed at FCI Allenwood Medium, with an anticipated release date of May 5, 2022.

**B.      Legal Analysis**

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the

defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Here, there is a dispute as to whether Defendant exhausted his remedies with the warden of his prison facility. "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and whether, if not jurisdictional, the exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL

3396899, at *2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[1]

The necessity of exhaustion is an ongoing debate throughout the country. Some courts have concluded that the exhaustion requirement is a mandatory one not subject to waiver or other equitable consideration; others make the case that rigid adherence to the exhaustion requirement precludes a district court from exercising judicial discretion to take into account exigent circumstances. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the lack of clear precedent, this Court has previously "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant in this case has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5. This case is no different.

Defendant identifies three conditions in support of his request for compassionate release. Defendant claims that he suffers from Type II Diabetes (insulin dependent), hyperlipidemia, and hypertension. Defendant is currently on eight medications, most of which appear to be for the treatment of his diabetes.

---

[1] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in other compassionate release cases in this division, reserved its right to contest this issue. *See United States v. Shellman,* 1:17-cv-17, ECF No. 265 at fn. 4.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether

4

there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).!

According to the CDC, Defendant's Type II diabetes diagnosis puts him at an increased risk of severe illness from COVID-19, while his hypertension might put him at a similarly increased risk. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Defendant understandably focuses on his diabetes in his motion, noting his history of high A1c readings as evidence that the BOP has failed to properly treat the condition. Defendant also asserts that the diet he is fed by the BOP, which he asserts consists largely of processed carbohydrates, is responsible for his uncontrolled A1c readings.

The Government has a different view. It notes the scope of care that Defendant has received for his diabetes: Defendant is seen in a special diabetes clinic, has been prescribed insulin, has his glucose levels checked multiple times a day by BOP staff, and has been provided with a glucose monitoring device. Defendant, on the other hand, has failed to mitigate his diabetes according to the Government. He has refused insulin on several occasions and has been noncompliant with diet and medication directions. In any event, the Government notes no evidence in the medical records that Defendant suffers from any adverse effects from his diabetes.

As for his confinement, FCI Allenwood has 22 inmates and 11 staff that are positive for COVID-19 at the time of this Opinion and Order. https://www.bop.gov/coronavirus/. "The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather,

5

"a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Defendant claims that the relatively low infection rates at FCI Allenwood Medium are the result of testing deficiencies. This may be, but the Court can only respond to the information as it exists. A different explanation for the infection rate is advanced by the Government. The Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, BOP's COVID-19 Response https://www.bop.gov/coronavirus/overview.jsp. Whatever the reason for the numbers, the Court cannot conclude that FCI Allenwood Medium has been unable to successfully contain COVID-19. The conclusion, along with Defendant's mild medical condition, leaves the Court unable to find extraordinary and compelling reasons for Defendant's release.

Finally, with respect to the §3553(a) factors, the Court observes that the Defendant has nearly two years remaining on his original sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

**C.     Conclusion**

For the foregoing reasons, Defendant's sealed motion (ECF No. 205) is DENIED.

SO ORDERED on October 19, 2020.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT